18-172
United States v. Read

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11ᵗʰ of January, two thousand nineteen.

PRESENT:
        DENNIS JACOBS,
        REENA RAGGI,
        RAYMOND J. LOHIER, JR.,
                Circuit Judges.
_____

UNITED STATES OF AMERICA,

        Appellee,

        -v.-                                                18-172

Jonathan Read,

        Defendant-Appellant.
_____

FOR DEFENDANT-APPELLANT: Allegra Glashausser (<u>with</u> Barry D. Leiwant <u>on the brief</u>), Federal Defenders of New York, Inc., New York, NY.

FOR APPELLEE: Sidhardha Kamaraju (<u>with</u> Sarah K. Eddy, <u>on the brief</u>), Assistant United States Attorneys, <u>for</u> Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Sullivan, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Jonathan Read appeals the procedural and substantive reasonableness of his sentence for violating supervised release. Following a plea of guilty to five specifications (relating primarily to marijuana possession and use), the United States District Court for the Southern District of New York (Sullivan, <u>J.</u>) revoked Read's period of supervised release and imposed an above-guidelines sentence of 18 months' imprisonment, to be followed by 18 months' supervised release. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Read served a 33-month sentence after conviction as a felon in possession. Within three weeks of starting the three-year period of supervised release, Read tested positive for marijuana; and over the next two months, he repeatedly failed his drug tests (or failed to report to probation for drug testing). The Probation Department referred him to an outpatient treatment facility, and to a life skills development program. When Read came to attend the life skills program at the courthouse on August 15, 2017, a Court Security Officer ("CSO") found a small amount of marijuana in Read's pocket, and Read fled toward the exit. Read pushed through the door, knocking a CSO down the stairs at the entrance. When Read was arrested two days later, he was in possession of marijuana.

Read was charged with five specifications for violations of supervised release: (i) use of marijuana on five occasions; (ii) failure to report for mandatory drug testing on two occasions; (iii) possession of marijuana on two occasions; (iv) failure to report to the Probation Office on one occasion; and (v) assault against a CSO in violation of 18 U.S.C. § 111.   On September 24, 2017, he pled guilty to all five specifications.

Read was sentenced on January 12, 2018.   The guidelines range was 8-14 months' imprisonment for the assault specification, and 5-11 months' imprisonment for the marijuana-related specifications.   The district court imposed an above-guidelines sentence of 18 months' imprisonment, to be followed by 18 months' supervised released.

**1.** As to procedural reasonableness, Read argues that the district court weighed too heavily the seriousness of his offenses.

As Read argues, the "primary goal of a revocation sentence" for a violation of supervised release is to "account for the breach of trust inherent in failing to appreciate the privileges associated with such supervision." United States v. Sindima, 488 F.3d 81, 86 (2d Cir. 2007) (citing U.S.S.G. ch. 7, pt. A.3(b)).   The severity of offense conduct may properly be considered in assessing the degree to which a defendant has breached the court's trust.   "The court in sentencing a defendant for violation of supervised release may properly consider the seriousness of his offense."   United States v. Williams, 443 F.3d 35, 48 (2d Cir. 2006); see also Sindima, 488 F.3d at 86 ("[A]t revocation the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator." (emphasis omitted) (quoting U.S.S.G. ch. 7, pt. A.3(b))).

Further, although the seriousness of the offense is not an independent statutory factor for consideration (see 18 U.S.C. § 3583(e)), the sentencing court may nevertheless consider the seriousness of the offense as it relates to the statutory factors, including the need "to afford adequate deterrence to criminal conduct" (id. § 3553(a)(2)(B)), and "to protect the public from further crimes of the defendant" (id. § 3553(a)(2)(C)).   See also United States v. Burden, 860 F.3d

3

45, 56 (2d Cir. 2017).

The district court made clear at the outset of the sentencing hearing that the violations constitute "a breach of trust with the Court." App'x 47. When Read objected that the court had overemphasized the seriousness of the offense, the court explained:

> I think I did stress the number of violations over the entirety of the time that he was released including the fact that it happened at the court house, including the fact that he then was a fugitive for several days, and then still possessed marijuana[.] I think [these] are all things that are obviously relevant to determining what would be an appropriate sentence and to assessing the breach of trust that is the primary driver of sentencing on -- or resentencing on a violation.

App'x 72-73. The court therefore considered primarily the breach of trust in fashioning the sentence.

Moreover, the court properly considered the seriousness of the offense as it related to the statutory factors of deterrence and public safety. The court specifically noted that Read's violations presented particularly dangerous risks to the public. For example, the court emphasized that Read's flight endangered other members of the public in the courthouse. See App'x 68-70 ("A court house has to be a safe place."). The seriousness of the offense was properly considered in relation to the statutory factors of public safety and deterrence, see Williams, 443 F.3d at 48, and was not procedural error.

**2.** As to substantive reasonableness, Read argues that the above-guidelines sentence "conflict[s] with the goal of rehabilitati[on]." Appellant's Br. 19.

We review a district court's sentence for substantive reasonableness, which amounts to review for abuse of discretion. United States v. Cavera, 550 F.3d 180, 187 (2d Cir. 2008) (en banc). This discretion is broad: although district courts must consult the Sentencing Guidelines when imposing a sentence, they are not bound by the range and may "tailor the appropriate punishment to each offense." Id. A sentence is substantively unreasonable only if it "cannot be

4

located within the range of permissible decisions." <u>Id.</u> at 191. "[O]nly those sentences that are so 'shockingly high, shockingly low, or otherwise unsupportable as a matter of law' that allowing them to stand would 'damage the administration of justice'" are substantively unreasonable. <u>United States v. Broxmeyer</u>, 699 F.3d 265, 289 (2d Cir. 2012) (quoting <u>United States v. Rigas</u>, 583 F.3d 108, 123 (2d Cir. 2009)).

Although Read's sentence was above the guidelines, Read's admitted violations were serious. He began using marijuana promptly after he began supervision; he brought marijuana to the courthouse; and when caught, he fled and tussled with CSOs on his way out, causing one CSO to fall down several stairs. An 18-month sentence given such conduct is not "shockingly high."

Read argues that the district court failed to take into consideration his demonstrated need for mental health treatment that he cannot receive in prison. But the district court acknowledged Read's need for mental health treatment, and the court was entitled to weigh that need against the other relevant considerations.

We have considered the defendant's remaining arguments and find them to be without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court